AO 243 (Rev. 5/85)
SDNY Web 5/99

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

# United States District Court

| District | SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION |
|---|---|

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| ROGER JOSEPH | 47909-004 | 06-20020-CR-HOEVELER |

Place of Confinement

CCA McRAE   P.O. DRAWER 30 McRAE, GEORGIA 31055

**07 - 21450**

UNITED STATES OF AMERICA       V.       ROGER JOSEPH

**CIV-HOEVELER**

(name under which convicted) MAGISTRATE JUDGE

WHITE

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __UNITED STATES DISTRICT__ COURT FOR THE SOUTHERN DISTRICT OF FLORIDA , MIAMI DIVISION

2. Date of judgment of conviction __JULY 28, 2006__

3. Length of sentence __65 MONTHS__

4. Nature of offense involved (all counts) __COUNTS 1-4 of the INDICTMENT CHARGED DEFENDANT DID__ KNOWINGLY SELL A CARD THAT PURPORTS TO BE A SOCIAL SECURITY CARD AND POSSESS A COUNTERFEIT SOCIAL SECURITY CARD WITH INTENT TO SELL IT IN THE NAME AND NUMBER OF PAUL ST PIERRE, SERGE SIMEON, FRANK J. BAPTISTE, AND JEAN CLAUDE p,2 cont

5. What was your plea? (Check one)
   (a) Not guilty [X]
   (b) Guilty [ ]
   (c) Nolo contendere [ ]

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury [XXX]
   (b) Judge only [ ]

   cat/div 2 st OOPE
   Case # 1:07cv 21450
   Judge Hoeveler Mag PAW
   Motn Ifp _____ Fee pd $ _____
   Receipt # _____

7. Did you testify at the trial?
   Yes [✓]   No [ ]

8. Did you appeal from the judgment of conviction?
   Yes [ ]   No [X]

(2)

CONTINUOUS PAGE TWO (2) question (4)

PROPHETE. All in violation of title 42, United States Code, Section 408(a)(7)(C).

## Counts 5-7

On or about the dates specified as to each Count below, in Miami Dade County, in the Southern District of Florida, the defendant, ROGER JOSEPH, during and in relation to a felony violation, that is selling a card purporting to be a social security card, in violation of Title 42, United States Code, Section 408, knowingly and willfully transferred and possessed, without lawful authority a means of identification of another person, that is a social security administration number specified as to each Count below. last four digits of Number on card 7586, 5674, 7811. as to count 5-7 dated 8-2-05, 8-2-05,12-09-05.

All in violation of Title 18, United States Code, Section 1028 A(a)(1).

Counts 8-11
+++++++++++

On or about the dates specified as to each count below, in Miami Dade County, in the Southern District of Florida, the defendant, ROGER JOSEPH, did knowingly forge, counterfeit, falsely make, and possess documents prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is employment authorizationcards, in the name specified as to each Count below, which the defendant knew to be forged, counterfeited, altered and falsely made.

(page 2 continued)

count 8-11 date 02/232005, 08/02/05 , 12/09/05. name on the
card : Paul St Pierre, Serge Simeon, Frank Jean Baptiste, Jean
Claude Prophet. All in violation of Title 18, United States Code
Section 1546(a).

Count 12
========

On or about December 28, 2005, in Miami-Dade County, in the
Southern District of Florida, the defendant, Roger Joseph, did
knowingly possess with intent to use unlawfully and transfer
unlawfully five or more identification documents (other than
those issued lawfully for the use of the possessor
authentication features, and false identification documents, that
is approximately 14 social security administration mumber cards,
approximately 583 Hahamian work authorization documents, and
approximately 7 Florida identification cards, in violation of
Title 18, united States Code, Section 1028(a)(3).

A criminal forfeiture count had been also part of the
indictment pursuant to Title 18, United States Code, Section 1028
(b)(5), and Title 18, United States Code Section 982(a)(2)(B).

(page 2 continued)

AO 243 (Rev. 5/85) SDNY Web 5/99

9.  If you did appeal, answer the following:

    (a) Name of court _____ N/A _____

    (b) Result _____ NONE _____

    (c) Date of result _____ N/A _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐      No ☒ X

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____ N/A _____

        (2) Nature of proceeding _____ N/A _____

        _____

        (3) Grounds raised _____ NONE _____

        _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐      No ☐
                            N/A
        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:
                                                              N/A
        (1) Name of court _____

        (2) Nature of proceeding _____ N/A _____

        _____

        (3) Grounds raised _____ NONE _____

        _____

        _____

        _____

        _____

        _____

AO 243 (Rev. 5/85) SDNY Web 5/99

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐     No ☐          N/A

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐        No ☐
(2) Second petition, etc.    Yes ☐        No ☐          N/A

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Counsel for the defendant was aware that a 10 days limitation is

what he had to filed a notice of appeal for the defendant, he

simply did not filed such notice. Defendant has always been

under the belief that his counsel has filed the notice of Appeal

because there was an agreement to do so. In page 14 of the

sentencing hearing transcript where Mr. Mastos asked the court in

paragraph 12, if it 10 days to filed the notice of appeal?

The court replied, yes 10 days.Meaning there was an understanding

about that filing of the notice of appeal. Eventhough counsel had

made it clear that he was not going to be the appellate lawyer,

filing the notice of Appeal for the next appeallate Attorney

was part of his job. He failed to fulfilled his duty.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85) SDNY Web 5/99

(c)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)   Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)   Conviction obtained by a violation of the privilege against self-incrimination.
(f)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g)   Conviction obtained by a violation of the protection against double jeopardy.
(h)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i)   Denial of effective assistance of counsel.
(j)   Denial of right of appeal.

A.   Ground one: _____ **INEFFECTIVE ASSISTANCE OF COUNSEL**

Supporting FACTS (state *briefly* without citing cases or law) __Defendant   is   not   attacking   the

conviction   because   he   was   found   guilty   by   a   jury.   However,   the   sentence

imposed   by   this   court   should   have   been   appealed   on   the   ground   of

unreasonableness   to   the   Circuit   Court   for   review   in   light   of   Booker.   The

district   court   had   advised   that   as   procedure   of   the   court.   When   an   attorney

failed   to   put   a   notice   of   appeal   as   minimum,   he   is   in   fact   ineffective.

B.   Ground two: COUNSEL __ WAS   INEFFECTIVE   FOR   FAILING   TO   ARGUED   AT   SENTENCING   A

VIOLATION OF THE 5th and 6th Amendment of the Constitution, a Booker error

Supporting FACTS (state *briefly* without citing cases or law) _____

   See Memorandum of law.

C.   Ground three: COUNSEL   WAS   INEFFECTIVE   FOR   FAILING   TO   ARGUE   AT   SENTENCING

THE APPLICATION OF A CONSECUTIVE SENTENCE

Supporting FACTS (state *briefly* without citing cases or law) _____

   SEE MEMORANDUM OF LAW

AO 243 (Rev. 5/85) SDNY Web 5/99

D.  Ground four: _____ **NONE** _____

Supporting FACTS (state *briefly* without citing cases or law) _____ **NONE** _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐     No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)  At preliminary hearing _THEODORE G. MASTOS ESQ._

999 Ponce de Leon Boulevard  Coral Gables, Florida 33134

(b)  At arraignment and plea _____ SAME AS ABOVE

(c)  At trial ____ SAME AS ABOVE

(d)  At sentencing _____ SAME AS ABOVE

AO 243 (Rev. 5/85)

(e) On appeal ___No appeal has been file in this case___

(f) In any post-conviction proceeding _____NONE_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____NONE____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒ X

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____N/A_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐                                    N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
(date)

_____
Signature of Movant

.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ROGER JOSEPH

Vs.

UNITED STATES OF AMERICA

\*
\*
\*
\*
\*   Case No. 06-20020-CR-HOEVELER
\*
\*
\*
\*
\*

==============================

MEMORANDUM IN SUPPORT OF MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255

===============================================================

Comes now, petitioner Roger Joseph, (hereinafter pro-se) in the above cause of action and respectfully moves this court for an evidentiary hearing in which this court could determine the ineffectiveness of defendant's counsel for not filing a timely notice of Appeal during the ten days period authorized by the district court during the sentencing hearing. As a result, the opportunity to be heard on direct Appeal based on a unreasonable sentence had been deprived. Defendant has expressed his intent to appeal at the sentencing hearing and made it clear to his Attorney to filed a notice of appeal.

Given the nature of the charges, counsel for defendant had a duty to file a notice of appeal.

Petitioner is not well versed in the law and therefore, moves this court to construe this motion liberally. (See Haines Vs. Kerner. 404. U.S. 519, 92, S Ct. 5941)

28 U.S.C. § 2255 broadly define cognizable claims under that that statute to include those claims were there has been such a denial or infrigement of Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. The Code set forth two broad cognizable claims pertinent to this matter

1) The conviction or sentence is unconstitutional and

2) The sentence of judgment is otherwise open to collateral attack because it results in a fundamental miscarriage of justice.

The latter category is confined to errors that amount to either of  violation of the Constitution, A Fundamental defect that inherently results in a complete miscarage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. United States Vs. Addonizio, 442 U.S. 178,185(1979) See also rule 1(1) of the rules governing §2255 preceedings for the United States District Court.

## PROPER AVENUE OF 28 USC §2255 MOTION

Rule 4(a) of the Rules governing proceedings or the United States district court under 2255 of title 28 United States code states: " The original motion shall be presented promptly to the judge of of the district court who presided at the movant's trial and sentenced him, or, if the judge who imposed sentenced was not the trial Judge, then it shall go the Judge who is in charge of that part of the proceedings being attacked by movant. If the appropriate Judge is not avialable to consider the the motion, it shall be presented to another Judge of the District in accordance with the procedure of the court for the assignment of its business (WEST U.S.C.A. 19991)

## STATEMENT OF THE CASE

On January 10, 2006, a Grand jury returned a sealed indictment as to Roger Joseph upon the charges of possession of counterfeit Social Security Cards with intent to sell pursuant to title 42 USC 408(a)(7)(c), a class D

Felony. This is count one through four.

Counts five through seven charge the defendant with agraveted identity theft. In violation of title 18 USC §1028 A(a), a class E felony.

Counts eight through eleven charge the defendant with fraud and misuse of employment authorization cards in violation of title USC §1546(a), a class C felony.

Count 12 charges possession with intent to transfer five or more identification documents in violation to title 18 USC 1028 (a)(3).

Defendant proceeded to trial and was found guilty by a jury. Defendant was sentenced to 65 months and three years of supervised release.

## STATEMENT OF THE FACTS

On November 21, 2003, ICE received a complaint that the defendant, Roger Joseph, owner of Little River Printing, was printing and selling fraudulent social security cards and employment authorization cards.

On December 18, 2003, a confidential source (CS) supplied additional information regarding the defendant's activities. an individual acquired what appeared to be legitimate documentation from another source who then provided it to the defendant. The defendant made conterfeit social security cards, which appeared to be genuine with the intent to sell them and profit financially. The CS indicated the transfer of documents was conducted by an intermediary.

On November 9, 2004, the CS attemped to engage in negotiations with the defendant. the CS entered little river Printing and spoke with the defendant about purchasing a fraudulent social security card and a fraudulent resident alien card(a green card). Th CS told the defendant a man at his church offered to help him with his documentation problem and told the CS to see the defendant, who was a good men and would help him. CS told the defendant he had

been in the United States for a long time but never had any immigration papers. The CS indicated he was looking for a better job and needed papers. The defendant asked the CS who had sent him and CS stated, "A freind of a freind," The defendant states he could not"doit that way"and instructed the CS to bring the individual who referred him or have that individual call him.

On Movember 24, 2004, the CS met with the defendant again at Little River Printing. The defendant told the CS he had been manufacturing false for a long time and would only do it for anyone he knew or who was referred by someone he knew. The CS stated he wanted a green card, and the defendant replied that a green card cost more and comes with a social security card. The defendant indicated the price for both was $250. He advised the C S   not   to carry it with him because " it is not too good", and he would feel badly if if the CS got into trouble. At that point, the CS told the defendant he would have to return in a few weeks because he did not have any money. The defendant told the CS he could come back any time

On February 8, 2005, the CS met with the defendant at Little River Printing, who agreed to sell a fraudulent social security card and a fraudulent employment authorization card to the CS in the CS's fictitious name. After obtaining the photographs to be used in producing the fraudulent cards, the CS returned to  the defendant's shop and gave him the photographs and $250.

On February 23, 2005, the CS met with the defendant at Little River Printing. As previously agreed, the defendant handed the CS an envelope that contained a fraudulent social security card and a fraudulent employment authorization card. Upon leaving this meeting, the CS provided the fraudulent cards to SA Riviera.

On June 7, 2005, the CS entered Little River Printing and negociated with the defendant for the second purchase of a fraudulent social Security and employment authorization card. The defendant agreed to sell the materials to the CS. The CS paid the defendant $250 and handed him four passport pictures, and the written name of a fictitious individual.

On July 8, 2005, the CS returned to Little River Printing and negotiated with the defendant for the third purchase of a fraudulent social security card and employment authorization card. The CS saw the defendant go to the back of the office and return with an envelope. The defendant stated he had a problem and had not yet completed the second set of cards. The defendant showed the CS the finished Social security card, which lacked a social security number. The CS assured the defendant that the man awaiting the documents was not in a hurry and the CS wanted to purchase additional social security and employment authorization cards for another individual. In order to purchase a third set of social security and employment authorization cards, the CS gave the defendant an envelope with $250, for pictures of an individual, and a fictitious name.

After several other purchases from July 22,2005 through December 9,2005 On December 28, 2005, a search warrant was executed by Federal and local law enforcement at Little river Printing. Agents seized 14 Blank social security, cards and other items included Haitian passport and Bahamian work authorization cards. Defendant was arrested.

On December 30, 2005 Defendant was released on a $75,000 10% bond and $25,000 corporate surety bond. Defendant proceed to trial.

On April 7, 2006, Defendant was found guilty, and remanded into custody after the guilty verdict. Because of counsel negligence, defendant did not Appeal.

## ALLEGATION OF JURISDICTION

This court has jurisdiction to entertain, rule on the merits, and grant relief under Title 28 U.S.C. 2255 and the principles of Haines VS. Kerner

## GROUND I

## ARGUMENT

The sixth Amendment of the Constitution guarantees a criminal defendant more that a mere representation of Counsel in Criminal proceedings, indeed, a defendant has the right to effective assistance of counsel. Mc Mann Vs. Richarson, 397 U.S. 759. 771 25L. Ed 2d 763, 90S Ct 1441(1970).Such right right extends to every stage of the criminal process. Kimmelman Vs Morison, 477 U.S.365 91 L Ed 2d 305, 106 S.Ct 2574 (1986); at sentencing Mepa Vs Rhay 389 U.S. 128, 19 LEd 2d 336 88 S.Ct. 254 (1967); On appeal Rodriguez V.U.S 395 U.S 327, 23L. Ed 2d 240 89 S.Ct 1715(1969). The standard which must applied in determining what constitutes ineffective assistance of consel are set forth in Strickland Vs Washington 466 U.S. 668 (1984). There, the Court held that the "proper Standard of Attorney performance is that of reasonably effective assistance" that the burden is on the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness Id at 667, 688. In determining whether the defendant in this case has met his burden, A

> Court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged
>
> conduct on the facts of the particular case viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The Court must then determine whether in the light of all the circumstances

-6-

the identified facts or omissions were outside of the wide range of of professionally competent assistance.

Id. at 690. See also Jackson Vs. Herring 42 F.3d 1350. 1358(11th Cir.1995); Baxter Vs Thomas 45 F. 1501, 1512 (11th Cir. 1995)

Petitioner contends that defense counsel failure to file a notice of appeal with the court after sentencing resulted in extreme prejudice at the appeal process where defendant would have a chance to be heard in an appeal court which could vacated that sentence on the ground of unreasonableness. The record at sentencing would show that this Honorable Court did remind Petitioner of his right to appeal. Accordingly, Petitioner did request that a notice of appeal be filed, and counsel had promised to file the notice of appeal which would be the last part of his obligation because he (Counsel), said he does not do appellate work. Defendant had put his confidence in these words. Henceforth, defendant had contacted several Attorneys for Appeal but all of them tell him the same thing " How long ago you had been sentence? That 10 days had already been past.

In Gomez Diaz Vs. United States 433 F.3d 788 (11th Cir 2005). The 11th Circuit held " In determining whether Counsel has performed deficiently by not filing notice of Appeal, even if the client has not made a specific request of his Attorney to file an appeal, the court must inquire whether the Attorney consulted with the client regarding the advantages and desavantages of appealing and made a reasonable effort to determine the client's wishes" if so the attorney has only acted unreasonably if he has ignored the client's wishes to appeal the case, but if not the court must further inquire whether the Attorney had an affirmative duty to consult. U.S.C.A. Const. Amend 6.

-7-

That reason goes right to the heart of the case at hand; where the defendant has asked his attorney to filed a notice of Appeal in order to appeal the sentence imposed by the district court. That discussion took place at the sentencing hearing, where this Honorable court advised petitioner of his right to appeal and there is a ten(10) day window to do so. Attorney for the defendant had made it clear that he was not an appeallate Lawyer. However, he had promised the defendant that he was going to file a notice of appeal because that is part of his affirmative duty.

The question presented is whether the trial Attorney has an affirmative duty to filed a timely notice of appeal eventhough he is not going to be the the attorney in the appellate proceedings. If the answer is yes than this Honorable Court would be respectfully asked to hold an evidentiary hearing to established the content of the communications between defendant and his Attorney, and if the evidence established that the Attorney acted contrary to defendant's wishes or that he failed to fulfill his duty, prejudice was to be presumed and defendant should be entitled to an out of time appeal, in which he could bring multiple Booker errors and violation of the fifth and sixth Amendment of the Constitution.

In Strickland Vs.Washington 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984), the Court established a two-prong test for deciding whether a defendant has received  ineffective assistance of counsel. The defendant must show (1) that counsel's performance failed to meet "an objective standard of reasonableness," id. at 688, 104 S.Ct.at 2064; and (2) that the defendant's rights were prejudiced as a result of the attorney's substandard performance. Id. at 693, 104 S.Ct. at 2067. In Roe V.Flores-Ortega, 528 U.S.470, 120 S.Ct.

1029, 145 L.Ed.2d 985 (2000), the Court applied the Strickland test to a claim involving an attorney's failure to file an appeal for a client. The court first reaffirmed the well-settled rule that an attorney who fails to file an appeal on behalf of a client who specifically requests it, acts in a professionally unreasonable maner per se. Id. at 477, 120S.Ct, at 1035 (citing Rodriquez V. United States, 395 U.S. 327, 89.S.Ct.1715, 23 1.Ed.2d 340 (1969). As to the second prong of the Strickland test, the Flores-Ortega Court held that the failure to file an appeal that the defendant wanted filed denies the defendant his constitutional right to counsel at a critical stage. Id. at 483, 120 S.Ct. atl038. In such cases, prejudice is presumed because rather than being denied the opportunity for a fair proceeding, the defendant is denied the opportunity for a proceeding at all. Id. (Citing Smith V. Robbins, 528 U.S.259, 286,120 S.Ct. 746,765, 145 L.Ed.2d 756 (2000) Person V.Ohio, 488 U.S.75, 88-89, 109 S.Ct. 346, 354,102 L.Ed.2d 300(1988); United States V. Cronic, 466 U.S. 648, 659m 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984). Accordingly to satisfy the prejudice prong of the Strickland test, a defendant who shows that his attorney has ignored his wishes and failed to filed a notice of appeal or failed to file his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed. Flores Ortega, 528 U.S. at 484, 120 S.Ct. at 1038.

In this case, defendant has shown (1) that counsel's performance failed to meet an objective standard of reasonableness by not filing a notice of appeal for defendant, and it was his duty to do so.(2) Defendant's rights were prejudiced as a result of the attorney's substandard performance. Because if the attorney had filed a timely notice of appeal the defendant would have

engaged an Attorney or moved for appointment of counsel as this Honorable court had mentioned in page 14 paragraph 19 to 21 of the sentencing hearing transcript.

For the foregoing above reasons, defendant prays this Honorable court to hold an evidentiary hearing to established the content of the two prong test of Strickland Vs Washington and the content of the communications between defendant and his attorney, and granted an out of time appeal or this Honorable Court could correct the Booker errors in violation of the fifth and sixth amendment rights which will be discussed in ground 2.

-10-

## GROUND II

### COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUED AT SENTENCING A VIOLATION OF THE FIFTH AND SIXTH AMENDMENT OF THE CONSTITUTION WHICH RESULTED IN A BOOKER PLAIN ERROR

Counsel for defendant had failed to argued a nine(9) point enhancement pursuant to 2L2.1(b)(2)(c). which was not part of the charges in the indictment nor presented to the jury.

In 1999, the Supreme Court in Jones V. United States 526 U.S. 227, 243 n.6 (1999) held that" Under the due process clause of fifth Amendment and the notice of a jury trial guarantees of the sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a Jury, and proven beyond a reasonable doubt". One year after the Supreme court expended its holding of Jones in two cases.

In Castillo Vs. United States 120 S.Ct 2090(2000) the Supreme Court held that"The type of weapon possessed by a defendant was an essential element of 18 USC 924(c). In so ruling, the court held that punishment -enhancing factors are to be considered "Elements of an aggravated offense, and that such elements are to be alleged in the indictment, provided to the Jury at trial and found by the jury beyond a reasonable doubt before the enhance sentence may Constitutionally be applied." see Castillo 120 S.Ct. at 2095-2096 A few months later the Supreme Court reiterated this principle in Apprendi V. New-Jersey 530 U.S 466, 120 S.Ct 2348, 1472 Ed. 2d 311(1999). Holding that It is Unconstitutional for a legislature to remove from the jury the Assessment of facts that increases the prescribed range of penalties to which a criminal defendant is exposed". The supreme Court then aquate such sentence enhancing to "Element of the offense it self.

-11-

When the term sentence enhancement is used to describe an
increase beyond the maximum authorized statutory sentence,
it is the functional equivalent of an element of a great-
er offense than the one covered by the jury's guilty ver-
dict. Indeed, it fits squarely within the usual definition
of an "element of the offense."
Apprendi, 120 S.Ct. at 2364-2365 & n.19.

In Rogers, 228 F.3d 1318 (11th Cir. 2000), the United States Court of
Appeals for the Eleventh Circuit applied the rationale of Apprendi to Title 21
drug charges. Thus, the Eleventh Circuit in Rogers concluded that any
enhancement of sentence must be charge in the indictment, presented to the
Jury and proven beyond reasonable doubt.

In 2004, the Supreme Court has expended its holding of Apprendi in
blakely and in 2005, in Booker. At the time of defendant's sentence it was
established law that the fifth and sixth Amendments, taken together, mandate
that a criminal defendant is entitled to a jury determination of every element
of the crime charged in the indictment, beyond a reasonable doubt. Apprendi
Supra and Jones.

It is well settle that " The due process clause requires the
prosecution to prove beyond a reasonable doubt all of the elements included in
the definition of the offense which the defendant is charged. " Patterson V.
New-York, 97 S.Ct. 2319 (1977).

Any factual finding that influences the determination of the sentencing
range must be made by a jury beyond a reasonable doubt to survive the sixth
Amendment scrutiny. Jones Supra.

At the time of the defendant's trial, conviction and sentence certain
basics principles were clearly and unambigously established : (1) A defendant
has a constitutional right under the fifth Amendment to be charged by an
indictment returned by a grand Jury; (2) The Court has the power to act only

-12-

within the parameters of the specific crime charged in the indictment; (3) A sentence imposed outside of the parameters of the crime charged in the indictment or information is per-se reversible; (4) A Defendant has the Constitutional right under the fifth and sixth Amendments to an information of indictment that gives notice of all of the essential elements of the crime charged and the factual bases thereof; (5) A defendant has the Constitutional right to a jury determination of guilt beyond a reasonable doubt as to each essential element of the crime charged. Nevertheless, none of the above protections guarantee by the Constitution were applied in this particular case. The remedy required by the Supreme Court for part of a sentence imposed beyond the trial Court's authority is to remand for resentencing within the proper confines of its authority. The imposition of a sentence in excess of ;what the law permits does not render the legal or authorized section of the sentence void, but only leaves such portion to the sentence as may be in excess open to attack.

Counsel for defendant in the case at hand should attack the excess. A nine (9) points enhancement were added at defendant's sentence. pursuant 2L2.1(b)(2)(C), because the offence involved more than 100 documents according to the PSI report. The court adopted the presentence report and Investigation and sentence the defendant accordingly. However this part of the charges has never been in the indictment, and never been submitted to the jury. The sound rule is that a sentence is legal so far as it is within the provisions of law, and only void as to the excess.. United States V. Pridgeon 153 U.S. 48, 62, 14 S.Ct 746, 38 LEd 631 (1894). In Pridgeon, the defendant was sentence to a five years in prison at a penitentiary that subjected inmates to hard labor ....

Pridgeon, 153 U.S. at 50, 14 S.Ct. 746. Defendant Pridgeon southt a writ of habeas Corpus on the grounds that the statute under which he was charged and convicted authorized only "imprisonment and that the requirement of hard labor was inexcess of the court's authority.( power).

Applying the above cited law to the facts in the case at bar, the only reasonable conclusion that can be drawn is that defendanat's excess sentence was imposed beyond the trial Court's power and the district Court had an obligation to consider the claim on collateral review despite his attorney failure to raise it at sentencing.

In this case the defendant received an enhancement which resulted in a longer sentence to be served by the petitioner in prison. Absent of this enhancement of 9 points petitioner would have received a level of 11 category 2 which would put him in a sentence of 10 to 16 months plus the 2years on the consecutive sentence which would have give him a total of 34 to 40 months in in prison not 65 months.

Petitioner's sentence is void as to the excess beyond the crime charged in the in dictment, the sentence exceeded the court's jurisdiction. The excess sentence is unconstitutional. In Re Williams, 168 U.S. 382 (1897), the Supreme Court addressed this issue holding :

> "If a sentence was only partly illegal
> (as in the instant case) the usual
> method of proceeding was to strike
> the excessive or illegal portion of
> the sentence and leave the rest  undisturbed.

These long-standing precedents by the Supreme Court outline the correct procedure for courts to follow with regard to illegal or excessive sentences imposed without jurisdiction as is true in the present case.

The eleventh circuit expanded on this in Debenedicts Vs Wainwright, 674 F.2d 841 (11th Cir. 1982).

> "Failure to allege an element constitutes
> jurisdictional error that renders 'any
> sentence' relying on the "unalleged
> element " invalid.

In Blakely, justice Scalia expressed the opinion of the Court in no
uncertain terms:

It increases judicial discretion to be sure,but not at the expense of the
jury's traditional function of "finding of facts essential to lawful
imposition of the penalty."

The finding of facts has traditionally been assigned to the jury, and
in those "facts" rests the court's authority to impose a sentence within the
strict barriers set by Congress. To eliminate such "facts" is to eliminate the
court's jurisdiction to sentence the defendant. Justice Scalia made it clear
how the court felt about the regime that was replaced by Apprendi

> "Any evaluation of Apprendi's fairness" to
> criminal defendants must compare it with
> the regime it replaced (emphasis    added)
> (note the use of the past  tense), in which
> a defendant, with no warning in either his
> indictment or plea, would routinely see his
> maximum potential sentence ballon from as
> little as five years to as much as life
> imprisonment, See  21 U.S.C.  §  841 (b)(1)(A)
> based not on facts proved to his peers beyond
> a reasonable doubt, but on facts extracted after
> trial from a report compiled by a probation officer who the
> Judge thinks more likely got it right than got
> it wrong.   We can conceive of no measure of "fairness" that
> would find more fault in  utterly  speculative bargaining
> effects Justice Breyer identifies than in the regime he
> champions. Suffice it to say that, if such a measure exists, it
> not the one the framers left us with."

In Booker, the Supreme Court extended Blakely's Sixth Amendment holding
to the Federal sentencing guidelines and reiterated its holding in *548
Apprendi that "any fact other than prior conviction which is necessary to
support a sentence exceeding the maximum authorized by the facts established

by the plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt". Id at 756.

Here the sixth Amendment rights of Joseph were violated during the sentencing process because the district court relied on Judge-found facts to imposed sentencing enhancements that could not have been imposed based solely on facts found by the jury beyond a reasonable doubt.

In that case, defendant Joseph was convicted of 12 counts. Counts 1-4 charge the defendant with knowingly  sell a card that purports to be a social security, and possess a counterfeit social security card with intent to sell in violation of title 42, United States Code, Section 408(a)(7)(C).

Counts 5-7 charge the defendant of selling a card purporting to be a Social Security card, in violation of Title 42, United States Code, Section 408, knowingly and willfully transferred and possessed, without lawful authority, a means of identification of another person, that is a social security administration number specified as to each Count. All  in violation of title 18, United States Code, Section 1028A(a)(1).

Counts 8-11 charge the defendant with knowingly forge, counterfeit, falsely make, and possess documents prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is employment authorization cards, in the name specified as to each count. All in violation of title 18 United States Code, Section 1546(a).

Count 12 Charge defendant to knowingly possess with intent to use unlawfully five or more identification documents (other than those issued lawfully for the use of the possessor), authentication features, and false identification documents, that is, approximately 14 social Security administration number cards, approximately 583 Bahamian work authorization documents, and approximately 7 Florida identification cards, in violation of

of title 18, United States Code, Section 1028(a)(3).

According to the presentence report and Investigation that the Court adopted to imposed the sentence, the base offense level for 18 U.S.C. 1546 and 1028 is found in § 2L2.1. That section provides that offenses involving trafficking in documents relating to Naturalization, Citizenship or legal status have an offense level of 11. However, a 9 points of enhancement were added pursuant to §2L2.1(b)(2)(c). Because the offense involved more that 100 documents. That enhancement prejudiced the defendant by increasing the defendant's offense level from 11 to 20 plus a 2 points for past conviction which is more than 10 years old. These part of the charges had never been brought in front of the jury and proven beyond a reasonable doubt. It's only after the Jury found the defendant guilty of charges of the indictment, the probation Officer in his presentence report and investigation, added that 9 points pursuant to 2L2.1(b)(2)(c). The court imposed the sentence Accordingly. Thus, under Booker, Joseph's Sixth Amendment rights were violated, and the District Court erred in its sentencing of Joseph. See Davis, No. 03-4114, slip op. at 9 (identifying Sixth Amendment Booker violation in context of amount-of-loss enhancement).

Defendant contends that sentencing error that leads to violation of Sixth Amendment by imposing a more severe sentence than is supported by jury verdict diminishes fairness of criminal sentencing system, as required for court of Appeals to consider error on "plain error" review. U.S.C.A. Const. Amend 6.

For the foregoing above reasons, defendant would pray this Honorable Court to grant an out of time Appeal or this court could correct the Booker errors in violation of the fifth and sixth Amendment of the Constitution, or any relief that this court see appropriate.

-17-

**GROUND III**
==========

## COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUED AT SENTENCING THE APPLICATION OF A CONSECUTIVE SENTENCE

Presumption against allowing multiple punishments based on same criminal activity, by way of condicting defendant for possession of counterfeit Social Security Cards with intent to sell, with aggravated identity theft, and with intent to transfer five or more identification documents, has not been overcome by any congressional intent to allow courts to impose multiple punishments for same criminal activity. U.S.C.A. Const. Amend 5;

In the United States Vs. Tommy L. Rutledge 517 U.S. 292, 134 L.Ed 2d 419, 64  USLW 4238 . The Supreme Court held: Courts may not " prescribe greater punishment than the legislature intended". Missouri Vs. Hunter, 459 U.S. 359, 366, 103 S.Ct 673, 678, 74 LEd. 2d 535 (1983);Brown Vs. Ohio, 432 U.S. 161, 165,97 S.Ct. 2221, 2225, 53 L.Ed.2d 187(1997). In accord with principles rooted in common law and constitutional jurisprudence, See Ex parte Lange, 18 WAll. 163, 168-170, 21 L.Ed. 872 (1874), we presume that "where two statutory provisions proscribe the 'same offense', " a legislture does not intend to impose two punishments for that  offense. Whalen V. United States 445 U.S. 684, 691-692, 100 S.Ct. 1432, 1437-1438,63 L Ed 2d 715 (1980); Ball Vs. United States 470 U.S. 856, 861, 105 S.Ct. 1668, 1671-1672, 84 L Ed.2d 740 (1985)

The Court went on and said that: For over half a century we have determined whether a defendant has been punished twice for the "same offense" by applying the rule set forth in Blockburger V. United States, 284 U.S. 299, 304, 52 S.Ct 180, 182, 76 L.Ed 306(1932). If "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to

determine whether there are two offenses or only one, is whether each requires proof of a fact which the other does not." Ibid. In subsequent applications of the test, we have often concluded that two different statutes define the same offense" typically because one is a lesser included offense of the other. In the case at hand, the defendant had been charge for 12 counts of two different statutes, but the offense remaind the same offence Id >( selling counterfeit Social Security card to poor Immigrant to go to work. The fact that defendant was charge with a number of counts does not mean the offense is different. In this case, the government has separated the counts in two blocs one bloc is possession and sell of Conterfeit Social Security. The other bloc is fabrication of **Social** Security which comes a lesser included offense of the original offense. Therefore, counsel has been ineffective for failing to argued that a consecutive sentence has no place in the defendant's sentence because it is well established that " If the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each requires proof of a fact which the other does not. "

In the defendant's case it is perfectly clear that the offense is one, and fabrication was a lesser included offense.

CONCLUSION

In the case at hand there were multiple sentencing error which lead to violation of Sixth Amendment by imposing a more severe sentence than is supported by the jury verdict. There was Counsel abandonment which resulted in a sixth Amendment violation, rights to effective assistance of counsel .
The right to counsel extend to Appeals. An accused is entitled to assistance

of counsel on an appeal as a matter of right. See Hill v. Jones, 375 F.3d 1223 (11th Cir. 2004) In this case there is no indication on the record that defendant has waived this right. Counsel for defendant has abandoned the appeal process by not filing a notice of appeal in defendant behalf. Defendant was under the impression that his notice of appeal was filed because his counsel told him that " I am going to file the notice of appeal but you may have to look for another Attorney to filed the brief." By the time for defendant to look for another counsel to file the brief the ten(10) days had already been gone and the notice of appeal had never been filed.

**Wherefore,** for the above stated reason petitioner prays this court to either vacate his sentence, set this case for a hearing in order to reinstate defendant's rights to Appeal so that he can pursue meritorious sentencing issues on appeal.

RESPECTFULLY SUBMITTED

=============================
ROGER JOSEPH Pro-Se

-20-

## CERTIFICATE OF SERVICE
=========================

Defendant is hereby certify that a copy of the foregoing motion under 28 USC 2255 to vacate, set aside, or correct sentence by a person in Federal Custody, was sent by certified mail to the Assistant United States Attorney:

**Jason Dimitrus**
**99 Northeast 4th Street**
**Miami, Florida   33132**

RESPECTFULLY SUBMITTED

=======================

Roger Joseph, Pro-Se