# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

January 20, 2009

Steven M. Larimore
Clerk, U.S. District Court
400 N MIAMI AVE RM 8N09
MIAMI FL 33128-1813

**Appeal Number: 08-12275-JJ**
Case Style: USA v. Roger Joseph
District Court Number: 06-20020 CR-WMH



The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
  Original Exhibits, consisting of: one psi
  Original record on appeal or review, consisting of: seven volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 08-12275

District Court Docket No.
06-20020-CR-WMH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Dec 19, 2008

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

versus

ROGER JOSEPH,

        Defendant-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Southern District of Florida

-----

J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JAN 20 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:   December 19, 2008
For the Court:   Thomas K. Kahn, Clerk
By:   Clark, Djuanna H.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 08-12275
Non-Argument Calendar

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2008
THOMAS K. KAHN
    CLERK
```

D. C. Docket No. 06-20020-CR-WMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER JOSEPH,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(December 19, 2008)

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Roger Joseph appeals his convictions for: (1) transferring and possessing a

means of identification of another person, i.e., aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 5-7); and (2) possessing with the intent to use and transfer five or more false documents, in violation of 18 U.S.C. § 1028(a)(3) (Count 12).

On appeal, Joseph argues that the district court erred in instructing the jury in a supplemental instruction that it only had to find that the documents, rather than Joseph's actions, affected interstate commerce with respect to Count 12. He asserts that the error was prejudicial and resulted in a higher sentence than he should have received. Joseph asserts that his counsel did not invite error, and thereby waive his right to assert that the supplemental instruction was erroneous, because he did not intentionally relinquish a known right as required by United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1777 (1993). Instead, when Joseph's counsel agreed to the supplemental instruction, he, along with the district court and the government, was operating under a misapprehension of the law and therefore did not abandon a "known" right. Therefore, Joseph maintains that his challenge to the supplemental instruction should be viewed as forfeited and subject to plain error review, rather than waived. He notes that our cases, such as United States v. Silvestri, 409 F.3d 1311, 1357 (11th Cir. 2005), which provided that a defense counsel's acceptance of a proposed jury instruction precludes review, do

not mention <u>Olano</u> or indicate that they were utilizing <u>Olano</u>'s requirement that counsel must intentionally relinquish a known right. Finally, Joseph asserts that the district court's supplemental instruction was plainly erroneous.

Invited error precludes review of the error on appeal. <u>Silvestri</u>, 409 F.3d at 1337. When a party, rather than just remaining silent and not objecting, responds to the Court's proposed instruction with the words, "the instruction is acceptable to us," this constitutes invited error. <u>United States v. Fulford</u>, 267 F.3d 1241, 1246-47 (11th Cir. 2001) (refusing to consider defendant's challenge to a supplemental jury instruction given in response to a jury question). In <u>Olano</u>, the Supreme Court stated that waiver involves "the intentional relinquishment or abandonment of a known right." <u>Olano</u>, 507 U.S. at 733, 113 S.Ct. at 1777 (quotation omitted).

We decline to address Joseph's argument that we should disregard our prior precedent because even under plain error review, Joseph's argument fails. Under 18 U.S.C. § 1028(a)(1) and (c)(3)(A), it is a crime to unlawfully produce an identification document when the production "is in or affects interstate or foreign commerce." To satisfy the interstate commerce requirement, however, the government need only show a minimal nexus. <u>United States v. Klopf</u>, 423 F.3d 1228, 1239 (11th Cir. 2005). The government may prove the requisite minimal nexus by showing either that the defendant's actions actually affected interstate

commerce, see 18 U.S.C. § 1028(c)(3)(A), or by showing that the defendant "had the intent to accomplish acts, which, if successful, would have affected interstate or foreign commerce." Klopf, 423 F.3d at 1239.  Here, the Government put on a witness who testified that Joseph created the documents at the witness's behest, and that testimony refuted Joseph's claim that he did not know where the blank documents found in his shop came from and that he was not involved with them. That testimony further showed that Joseph had the intent necessary to produce Social Security cards, Bahamian work authorization documents, and Florida identification cards that would necessarily be used in interstate and foreign commerce.  Furthermore, if there was error in the instruction, it did not prejudice the defendant because the evidence clearly refuted his defense of lack of knowledge.

## II.

Joseph next argues that the government should have been required to prove that he knew that the means of identification at issue in Counts 5-7 belonged to actual people.  He acknowledges that our precedent in United States v. Hurtado, 508 F.3d 603, 609-10 (11th Cir. 2007), cert. denied, 128 S.Ct. 2903 (2008), forecloses this argument, but he is attempting to preserve the issue for appeal.

We review questions of statutory interpretation de novo.  United States v.

Mazarky, 499 F.3d 1246, 1248 (11th Cir. 2007). Under 18 U.S.C. § 1028A(a)(1), an individual who, "during and in relation to any felony violation enumerated in [§ 1028A(c)], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." In Hurtado, we held that the government did not have to establish that the defendant knew that the means of identification that he possessed and used belonged to an actual person. Hurtado, 508 F.3d at 610.

Because Joseph did not raise this issue in the district court, it is reviewed for plain error. See United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005) (stating that an argument is reviewed for plain error when the defendant did not object below). Consequently, Joseph must prove that "(1) there is an error; (2) that is plain or obvious; (3) affecting [his] substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id. (quotations and citations omitted).

As binding precedent forecloses Joseph's argument on this issue, we affirm.

**AFFIRMED.**[1]

*A True Copy - Attested*
*Clerk U.S. Court of Appeals,*
*Eleventh Circuit*
*By: Deputy Clerk*
*Atlanta, Georgia*

---

[1] Joseph's request for oral argument is denied.

5